UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 31 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|  |  |
|---|---|
| JOHN ERWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-2229 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, a former Foreign Service Officer, was accused of having committed "an unsubstantiated and uncorroborated [and]. unspecified sex crime," the alleged victim of which is a former United States Peace Corps volunteer. Compl. at 2; *see id*. at 7, 11 (page numbers designated by CM/ECF). Jane Colon, a Diplomatic Security Officer with the U.S. Department of State, conducted an investigation of the incident in June 2002, *id.* at 7, and during the investigation, she spoke with former Peace Corps employee Margery LeMieux, *see id.* at 8. Plaintiff underwent a psychiatric evaluation around this time, *see id.* at 7, conducted by Kennneth Borut Dekleva and Frank Rath of the State Department's Medical Department, *see id.* at 7-8. According to plaintiff, LeMieux "bore false witness," *id.* at 9, Colon "provided the unsubstantiated the unsubstantiated and uncorroborated hearsay to Dekleva and Rath," *id.*, who in turn included "mere hearsay of a very serious sex crime" in their evaluations," *id.* at 8-9, ultimately resulting in plaintiff's being "tricked" into resigning, *see id.* at 11-12. Plaintiff filed multiple grievances to the Foreign Service Grievance Board without success. *See id.* at 3-5.

1

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80, "the substantive and procedural core of" which "is the tortious behavior underlying the denial of due process rights," Compl. at 2.  The FTCA claim fails.

A plaintiff cannot pursue an FTCA claim against the United States unless he first has presented the claim to the appropriate federal agency.  *See McNeil v. United States*, 508 U.S. 106, 111 (1993).  While plaintiff allegedly presented an FTCA claim to the Peace Corps, *see* Compl. at 3, it does not appear that his grievance to the Foreign Service Grievance Board, *see id*. at 5, qualifies as the proper presentment of a claim to the U.S. Department of State.

While the FTCA is one example of an express waiver of the federal government's sovereign immunity, it does not expose the United States to liability for the commission of all torts.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  Certain of the torts plaintiff pursues, namely libel, slander, intentional infliction of emotional distress, and bearing false witness, are *excluded* from the FTCA's coverage.  *See* 28 U.S.C. § 2680(h) (excluding "[a]ny claim arising out of . . . libel, slander, [or] misrepresentation"); *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) ("Claims, no matter how they are described by a plaintiff, based on dissemination of defamatory information pertaining to a federal investigation are barred by the libel/slander exemption.") (citing *Kugel v. United States*, 947 F.2d 1504 (D.C. Cir. 1991)).  And because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims," *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), the Court lacks subject matter jurisdiction over any claim plaintiff may intend to raise for the alleged violation of his right to due process.

Furthermore, even plaintiff acknowledges additional obstacles in bringing this action. *See, e.g.*, Compl. at 1-2, 11.  The filing of this lawsuit in 2021 does not fall within the limitations

2

period applicable to the FTCA claim, *see* 28 U.S.C. § 2401, and the Court is not persuaded by plaintiff's arguments, *see* Compl. at 12-13, for equitably tolling the limitations period.  And because plaintiff has filed multiple lawsuits arising from the same events of 2002, *see Erwin v. Holden*, No. 06-CV-5695, 2007 WL 333433 (N.D. Ill. Nov. 7, 2007) (concluding that doctrine of claim preclusion barred claims "aris[ing] out of a series of events in 2002" to include accusation of sexual assault, investigation by Diplomatic Security, and psychiatric examination), it appears that the claims plaintiff attempts to bring here are precluded.  Parties may not relitigate in a separate proceeding "any ground for relief which they already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity," and regardless of the soundness of the earlier judgment.  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg.Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983).

      The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action.  An Order accompanies this Memorandum Opinion.

DATE:  August 31, 2021                                  EMMET G. SULLIVAN
                                                                  United States District Judge